UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THERESE LALUMIERE,<br><br>                    Plaintiff,<br>     v.<br><br>WILLOW SPRINGS CARE, INC., a Washington corporation; JENNIFER NEWMAN, and her marital property; AARON HILL, and his marital property; and TAMARA BERUMEN, and her marital property,<br><br>                    Defendants. | NO:  1:16-CV-3133-RMP<br><br>PROTECTIVE ORDER |

**PROTECTIVE ORDER**

**1.  Confidential Material**

It is hereby stipulated between Plaintiff, Therese Lalumiere ("Plaintiff"), and Defendant, Willow Springs Care, Inc., et. al., ("Defendant"), in the above-captioned action that the confidentiality provisions described herein shall govern the following information, documents, and tangible things that will be produced or otherwise exchanged in this matter:

PROTECTIVE ORDER ~ 1

1)  All addresses, telephone numbers, salary information, and social security numbers of the Plaintiff and current and former employees and/or customers of the Defendants.

2)  All information and documents which are provided in response to requests for production which seek documents contained in any individual's "personnel file," except for Plaintiff's personnel file and other related employment documents provided by Plaintiff during Plaintiff's employment, including but not limited to requests for medical leave.

3)  Medical records of any non-party or of Plaintiff.

4)  Records of Willow Springs Care, Inc.'s residences, including but not limited to their medical records.

5)  Financial statements, proprietary documents, and tax records of Defendants.

6)  Financial and proprietary documents of Plaintiff not in the public domain or subject to public disclosure;

7)  Investigation files into situations involving employees or former employees of Defendants.

8)  Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including without limitation financial information, personnel and payroll information, or other commercially sensitive or personally sensitive

information of a non-public nature, provided each is so marked, by stamping each

page of the document "Confidential."

Good cause exists why this information should be held confidential.  For

example, employees, and former employees of Defendants may feel that their

privacy has been invaded by production of identifying information or information

from their personnel files, security files, police files or medical records, and might

pursue an action against Defendants for such invasion absent this Order.  Financial

records of the Defendants and Plaintiff, and medical records of the Plaintiff or any

non-party, whether or not any privilege applies or is waived, remain sensitive and

confidential information, for which wider than necessary disclosure may be

embarrassing, unfairly disadvantageous, and an invasion of privacy.  Additional

information which a party, in good faith, determines to be of a similar nature

should also be held confidential.

**2.  Scope**

The protections conferred by this agreement cover not only confidential

material (as defined above), but also (1) any information copied or extracted from

confidential material; (2) all copies, excerpts, summaries, or compilations of

confidential material; and (3) any testimony, conversations, or presentations by

parties or their counsel that might reveal confidential material.  However, the

protections conferred by this agreement do not cover information that is in the

public domain or becomes part of the public domain through trial or otherwise.

The parties therefore further stipulate and the Court orders, as follows:

**3. Manner and Timing of Designations**

Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

1)  Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2)  Testimony given in deposition or in other pretrial or trial proceedings: It shall be presumed that any confidential material that is referred to, or marked as an exhibit, during any deposition shall remain confidential material.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript or exhibits thereto as confidential material.

3)  Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the

information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4)  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**4. Access To and Use of Confidential Material**

1)  Information and documents covered by this Protective Order shall not be used for any purpose except in connection with this litigation, and shall not be delivered, exhibited or disclosed to any person, other than the author of the document in question, except: a) Counsel and their clients involved in this litigation; b) Employees of counsel assisting said counsel in the preparation and trial of this matter; c) Experts or other witnesses with whom counsel consult in preparation for this litigation; d) the Court, court personnel, and court reporters and their staff; e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, f) the author or recipient of a document containing the information or a custodian, g) the videographer or court reporter recording a deposition in the litigation at which Confidential Materials are discussed and/or presented; h) any mediator or discovery referee in this litigation, and employees

and personnel of said mediator or discovery referee, and i) any other individuals

agreed to in writing by the designated party.

2)  Before counsel shall deliver, exhibit or disclose any information and/or

document covered by this agreed Protective Order to any expert or other witness as

described in the foregoing paragraph, counsel shall require such person to read a

copy of this Protective Order and to sign a statement, in the form of Attachment A

hereto, indicating that the person has read and shall abide by this Order.

3)  Nothing in this Protective Order shall prevent the use of covered material

at time of trial; on motion, including summary judgment; or in any discovery

hearing or deposition.  Nothing in this Protective Order shall be considered a

waiver of any objection or response to objection regarding admissibility or use of

covered material.  If information and/or documents covered by the Protective

Order are used in or in support of pleadings or briefs, the fact that the information

or documents exist may be referred to, but the confidential information or

documents themselves shall be redacted or filed under seal.  Should either party

fail to file confidential documents under seal, they may be removed from the

public file and filed under seal upon the request of either party to the Clerk of the

Court.

This Stipulation does not authorize a party to file documents under seal

simply based on the fact that they were marked by one of the parties as

"confidential."  The parties will seek an order from the Court to file documents

under seal.  Such a motion or stipulation and proposed order must provide a specific description of the particular documents or categories of documents sought to be protected and a "clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access."

### 5. Challenging Confidentiality Designations.

1) <u>Timing of Challenges</u>.  Any party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2) <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith effort to meet and confer with other affected parties in an effort to resolve the dispute without Court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

3) <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**6.  Inadvertent Production of Privileged or Otherwise Protected Material.**

1)  When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

2)  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

3)  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**7.  Miscellaneous.**

1)  The terms of this Protective Order may be modified by written stipulation of the parties or later Order of the Court.  Either party may apply to the Court for

modification or interpretation of this Order by telephonic conference or written motion.

2)  At the conclusion of this action or any appeals thereof, all confidential documents shall be returned or destroyed if requested by the propounding party in writing.

3)  The parties view this Stipulation as binding upon signature of the Court.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED**: January 27, 2017.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge

# ATTACHMENT A

STATE OF WASHINGTON )
)
COUNTY OF Yakima         )

      I, _____, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

      1.  I have read a copy of the Protective Order dated _____, in the action entitled *Therese Lalumiere vs. Willow Springs Care, Inc. et. al.*, understand the same and shall abide by it.

      2.  If a party, their attorneys, or other agent shall deliver, exhibit or disclose to me any information or document which has been designated as confidential under the terms of the Protective Order, I shall not use such information or document for any purpose except in connection with the above-entitled action, and I shall not deliver, exhibit, or disclose such information or document to, or discuss the contents of such information or document with, any persons except with parties to this action, their counsel of record and such employees and agents of said counsel as are assisting counsel in the preparation or trial of the action.

_____
Signature                                            date

_____
printed name

PROTECTIVE ORDER ~ 10